UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LEE MACQUARRIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:21-cv-00072-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>(Doc. 15) |

Melissa Lee Macquarrie ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. 1). The matter is currently before the Court on the certified administrative record (Doc. 11) and the parties' briefs, which were submitted without oral argument. (Docs. 15, 21-22).[1] Plaintiff asserts the Administrative Law Judge ("ALJ") erred by rejecting the limitations endorsed by state agency physician Dr. Megan Stafford, Psy. D., despite finding her opinion persuasive. (Doc. 15 at 5). Plaintiff requests the decision of the ALJ be vacated and the case be remanded for further proceedings including a *de novo* hearing and a new decision. *Id*. at 8.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 10).

# I.     PROCEDURAL HISTORY

## A. Administrative Proceedings

On December 27, 2018, Plaintiff protectively applied for supplemental security income benefits. (Administrative Record ("AR") at 15, 273-90). Plaintiff alleges a period of disability beginning September 1, 2005, and was 36 years old on the alleged disability onset date. *Id*. at 15, 159, 273, 293. Plaintiff claimed disability due to the following issues: arthritis on both knees, left shoulder and neck, lower back pain, bone spurs, cholesterol, high blood pressure, fibromyalgia, autoimmune gastritis, anxiety, and depression. *Id*.

The Commissioner denied Plaintiff's application initially and again on reconsideration. *Id*. at 178-83, 187-92. Plaintiff submitted a written request for a hearing before an ALJ. *Id*. at 193-95. On June 25, 2020, Plaintiff, represented by counsel, appeared by telephone before ALJ Debra M. Underwood. *Id*. at 71-121. Vocational expert Malcom J. Brodzinsky also testified at the hearing via telephone. *Id*. at 74, 112-20.

## B. Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

## C. The ALJ's Decision

On August 28, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. (AR at 15-29). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520(a). *Id*. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 27, 2018, the application date (step one). *Id*. at 18. The ALJ held Plaintiff possessed the following severe impairments: major depressive disorder, generalized anxiety disorder, gastroparesis, chronic pain syndrome, degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the knees, and obesity (step two). *Id*. Next, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). *Id*. at 18-22.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). *Id*. at 22-34. The

ALJ found that Plaintiff retained the RFC:

> "to perform light work as defined in 20 CFR 416.967(b) and 416.967(b) except she could occasionally balance, stop, kneel, crouch, crawl, and climb ramps and stairs but should be precluded from climbing ladders, ropes, or scaffolds. She should avoid concentrated exposure to extreme cold, vibrations, dampness, and very loud noise. She could perform unskilled work consisting of simple, routine tasks with frequent, but not constant, face-to-face interaction with supervisors, coworkers, and the public."

*Id*. at 22.

Although the ALJ acknowledged that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id*. at 23.

The ALJ reviewed Plaintiff's treatment records. *Id*. at 23-27. Specifically, the ALJ considered Dr. Stafford's examination of Plaintiff in March 2020. *Id*. at 25-26. Dr. Stafford determined Plaintiff had had no limitation with regard to the abilities to perform simple and repetitive tasks or perform work activities on a consistent basis without special or additional instructions. *Id*. at 25. Dr. Stafford claimed Plaintiff had mild limitations in her abilities to perform detailed and complex tasks, accept instructions from supervisors, or maintain regular attendance; and moderate limitations in the abilities to complete a normal workday without interruptions or deal with usual workplace stress. *Id*. The ALJ found

> "Dr. Stafford's opinion persuasive because it is based on a recent in-person examination of the claimant and is accompanied with explanatory notes. This examination also involved Dr. Stafford's area of medical expertise. More importantly, her assessment is consistent with the objective medical evidence which substantiates the existence of severe mental impairments and symptoms that do not wholly defeat the claimant's ability to perform basic work activities."

*Id*. at 25-26.

The ALJ found there was no evidence that Plaintiff's prior work qualifies as "past relevant work" and there is no evidence that she has performed any work since her application date. *Id*. at 27. Instead, the ALJ adopted the findings of a prior disability decision with regard to Plaintiff's

past relevant work (step four). *Id*. The ALJ held Plaintiff could perform a significant number of other jobs in the national economy including retail price marker, routing clerk/mail sorter, and housekeeper/cleaner (step five). *Id*. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since December 27, 2018, the date the application was filed. *Id*. at 28-29.

On December 1, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1-6. Plaintiff filed this action on January 18, 2021, seeking judicial review of the denial of his application for benefits. (Doc. 1). The Commissioner lodged the administrative record on August 12, 2021. (Doc. 11). Plaintiff filed an opening brief on October 26, 2021. (Doc. 15). On April 11, 2022, Defendant timely filed a responsive brief and Plaintiff filed a reply brief on April 26, 2022. (Docs. 21-22).

## II.     LEGAL STANDARD

### A. The Disability Standard

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) and 1381(a). An individual is "disabled" if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment …"[2] *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). To achieve uniformity in the decision-making process, the Social Security regulations set out a five-step sequential evaluation process to be used in determining if an individual is disabled. *See* 20 C.F.R. § 404.1520; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004). Specifically, the ALJ is required to determine:

> (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4)

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

>whether the claimant retained the RFC to perform past relevant work and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level.

*Stout v. Comm'r. Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on a claimant at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citing *Valentine v. Comm'r of Soc. Sec. Admin*, 574 F.3d 685, 689 (9th Cir. 2009)).

Before making the step four determinations, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC is the most a claimant can still do despite their limitations and represents an assessment based on all relevant evidence. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). *E.g.*, *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("These regulations inform us, first, that in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe."). The RFC is not a medical opinion. 20 C.F.R. § 404.1527(d)(2). Rather, it is a legal decision that is expressly reserved to the Commissioner. 20 C.F.R. § 404.1546(c); *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

At step five, the burden shifts to the Commissioner to prove that Plaintiff can perform other work in the national economy given the claimant's RFC, age, education, and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). To do this, the ALJ can use either the Medical-Vocational Guidelines or rely upon the testimony of a VE. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities.'" *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

**B. Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, a court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir, 1995)). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotations and citations omitted). "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford*, 950 F.3d at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless. *Stout*, 454 F.3d at 1055-56. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determinations." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation and citation omitted). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

/ / /

/ / /

### III.  LEGAL ISSUES

Plaintiff asserts the ALJ erred by rejecting the limitations endorsed by Dr. Stafford, despite finding her opinion persuasive.  (Doc. 15 at 5-8).

### IV.  DISCUSSION

Plaintiff asserts that the RFC is unsupported by substantial evidence because it conflicts with Dr. Stafford's opinion, and the ALJ did not explain why Dr, Stafford's endorsed limitations were rejected.  *Id*. at 5.

An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all relevant evidence in [one's] case record."  20 C.F.R. § 416.945(a)(1).  In formulating the RFC, the ALJ must account for all the claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence."  *Id*.; *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009) (an RFC that "fails to take into account a claimant's limitations is defective").  Therefore, an ALJ errs when she provides an incomplete RFC ignoring "significant and probative evidence."  *Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

An RFC assessment is ultimately an administrative finding reserved to the Commissioner.  20 C.F.R. § 416.946.  "Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them."  *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020) (citing *Martin v. Comm'r Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012)); *Neufeld v. Berryhill*, No. 2:16-CV-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sep. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *Harell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sep. 27, 2021) ("But having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC"); *Wascovich v. Saul*, No. 2:18-CV-659-EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sep. 20, 2019)

1  (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013)) ("where the ALJ accepts the
2  medical assessment of moderate limitations, those limitations must be accounted for in the
3  RFC"). The RFC does not need to directly correspond to a specific medical opinion, rather, "the
4  ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."
5  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see Stubbs-Danielson v.*
6  *Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (noting the ALJ's responsibility to weigh conflicting
7  medical evidence and translate accepted medical opinions into "concrete restrictions"). The
8  ALJ's RFC assessment should be affirmed if the ALJ has applied the proper legal standard and
9  their decision is supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d
10 1211, 1217 (9th Cir. 2005).

11   In this case, Dr. Stafford assessed Plaintiff with moderate limitations in her ability to,
12 among other things, "interact with co-workers, supervisors, and the public … due to emotional
13 dysregulation, irritability, difficulty with interpersonal relationships, and low frustration
14 tolerance." (AR 801). Similarly, Dr. Stafford found Plaintiff's ability to "complete a normal
15 workday without interruptions from a psychiatric condition due to her symptoms of anxiety and
16 depression" was moderately impaired. *Id.* Likewise, Plaintiff was found to be moderately
17 impaired in her ability to "deal with the usual stress encountered in the workplace due to her
18 emotional dysregulation, irritability, difficulty with interpersonal relationships, low frustration
19 tolerance, irritability, and limited coping skills." *Id*. at 801-02. The ALJ found Dr. Stafford's
20 opinion persuasive because it was based on a then- recent in-person examination of Plaintiff and
21 was consistent with the objective medical evidence which substantiates the existence of severe
22 mental impairments and symptoms that do not wholly defeat the claimant's ability to perform
23 basic work activities. *Id*. at 25-26.

24   Plaintiff contends that despite the ALJ purporting to find the opinions persuasive, the
25 ALJ's assessment of Plaintiff's RFC failed to fully adopt Dr. Stafford's endorsed limitations or
26 explain why she rejected them. (Doc. 15 at 5-6). Specifically, Plaintiff asserts that the ALJ failed
27 to acknowledge Dr. Stafford's opinion that Plaintiff is moderately limited in her ability to interact
28 with supervisors, coworkers, and the public. *Id*. at 6-7. Plaintiff avers the RFC's provision for

"frequent, but not constant, face-to-face interaction with supervisors, coworkers, and the public" does not sufficiently address Dr. Stafford's finding of moderate limitation. *Id*. at 7. Plaintiff also argues the RFC includes no accommodation for Plaintiff's limited ability to complete a normal workday without interruptions, or her moderate limitations in handling usual workplace stress. *Id*. Plaintiff claims "[a]ny assertion that a moderate difficulty handling usual stress is accommodated by a limitation to simple work is inconsistent with the language of SSR 85-15", and thus, the RFC does not accurately capture Dr. Stafford's proffered limitations. *Id*. at 7-8.

Defendant contends that the ALJ's mental RFC is supported by evidence that undercuts Plaintiff's allegations of difficulty in completing a workday, handling stress, and interacting with others. (Doc. 21 at 9-11). Defendant argues the ALJ examined other evidence that showed Plaintiff was routinely described as polite or cooperative, making good eye contact, and demonstrating normal mood and affect. *Id*. at 9 (citing AR at 21, 484, 785, 832, 835, 841-42, 871, 908, 939, 953, 960, 981, 995, 1002). Defendant also points out that Plaintiff was able to socialize with others, had adequate concentration, could drive, and take public transportation. *Id*. at 9-10).

Defendant argues the ALJ's RFC properly accounted for Dr. Stafford's opinion. (Doc. 21 at 5). Specifically, Defendant claims the ALJ acknowledged and expressly incorporated the moderate limitations identified by Dr. Stafford into the RFC by finding that Plaintiff could have frequent, but not constant face-to-face interaction with supervisors, coworkers, and the public. *Id*. at 6-7 (citing *Zul v. Kijakazi*, No. 20-35404, 2021 WL 5298595, at *1 (9th Cir. Nov. 15, 2021)). Next, Defendant contends the ALJ properly accounted for Dr. Stafford's endorsed moderate limitations by restricting Plaintiff to unskilled work consisting of simple, routine tasks. *Id*. at 7-8. Defendant asserts a moderate impairment in social functioning is appropriately captured in an RFC finding for simple, routine tasks. *Id*. at 7 (citing *Rogers v. Comm'r. of Soc. Sec. Admin.*, 409 Fed. Appx. 15, 17-18 (9th Cir. 2012)). Defendant asserts the ALJ's finding that Plaintiff could sustain unskilled-work sufficiently translated Dr. Stafford's proffered limitations into Plaintiff's RFC. *Id*. at 11 (citing *Stubbs-Danielson*, 539 F.3d at 1171, 1173-74).

Because the ALJ found Dr. Stafford's opinion persuasive, the ALJ was required to

1 account for Dr. Stafford's moderate limitations in the RFC or offer an explanation as to why she
2 chose not to accept them. The Court finds the ALJ erred in failing to set forth in the RFC Dr.
3 Stafford's restriction on Plaintiff's ability to interact with co-workers, supervisors, and the public,
4 complete a normal workday without interruptions, and deal with the usual stress encountered in
5 the workplace.

6 Here, the RFC limits Plaintiff to "frequent, but not constant, face-to-face interaction with
7 supervisors, coworkers, and the public." AR at 22.  This limitation fails to account for Dr.
8 Stafford's moderate limitation to interact with co-workers, supervisors, and the public.  An ALJ
9 adequately accounts for a doctor's opinion about a claimant's moderate social limitations by
10 limiting the claimant to occasional coworker interaction.  *Zul*, 2021 WL 5298595, at *1 (citing
11 *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2018)) (the ALJ adequately accounted for a
12 doctor's opinion about the claimant's "moderate" social limitations by limiting him to occasional
13 coworker interaction).  Generally, courts have concluded limiting a claimant to occasional social
14 interactions adequately encompasses moderate limitations with respect to social functioning.  *See*
15 *Langford v. Astrue*, No. CIV S-07-0366 EFB, 2008 WL 2073951, at *2, 7 (E.D. Cal. May 14,
16 2008) (the RFC limited the claimant to physically and mentally simple repetitive, non-hazardous
17 tasks, with limited contacts with others); *Ramirez v. Kijakazi*, No. 1:22-cv-00445-GSA, 2023 WL
18 4409853, at *4-5 (E.D. Cal. Jul. 7, 2023) (the RFC does not specify any restriction on interaction
19 with peers, supervisors, or the general public, and a limitation to simple and routine tasks does not
20 adequately capture restrictions on social interactions); *Kuhn v. Comm'r. of Soc. Sec.*, No. 1:22-cv-
21 00966-SAB, 2023 WL 3994989, at *2, 7 (E.D. Cal. Jun. 14, 2023) (the ALJ assessed moderate
22 limitation to claimant's ability to interact with others to no more than occasional contact);
23 *Wofford v. Comm'r of Soc. Sec.*, No. 2:19-CV-0792-WBS-DMC, 2021 WL 765262, at *7 (E.D.
24 Cal. Feb. 26, 2021) (holding that "a limitation to occasional interaction with co-workers" in the
25 plaintiff's RFC adequately encompassed the earlier finding that the plaintiff was "moderately
26 limited in various social interactions"); *Henry v. Colvin*, No. 1:15-cv-00100-JLT, 2016 WL
27 164956, at *10 (E.D. Cal. Jul. 7, 2023) (limiting plaintiff to having no more than occasional
28 contact with coworkers and the public); *Orso v. Colvin*, 658 F. App'x 418, 420 (10th Cir. 2016)

(finding that the plaintiff's "moderate difficulty with social functioning encompassed by the limitation of 'occasional contact' with coworkers [and] supervisors"). In this case, Plaintiff's RFC limits her to frequent interactions with coworkers, supervisors, and the public. Therefore, the Court finds the RFC's limitation to frequent interactions does not comport with the moderate limitation expressed in Dr. Stafford's opinion.

Defendant's reliance on *Zul* (Doc. 21 at 5-6) is misplaced. In that case, similar to Plaintiff here, a doctor found the claimant's ability to interact at work "moderately impaired." 2021 WL 5298595, at *1. The Court of Appeals upheld the ALJ's translation of this impairment into an RFC that restricted the claimant's ability to work under supervision "in limited contexts" (*e.g.*, without public interaction). *Id.* Here, the ALJ's RFC incorporated no such restriction.

Defendant argues even if the ALJ erred in failing to incorporate Dr. Stafford's moderate limitation as to Plaintiff's ability to engage in social interactions, the error was harmless as the jobs that the ALJ identified did not even require social interaction. (Doc. 21 at 8) (citing *Henry*, 2016 WL 164956, at *18). The ALJ found Plaintiff was capable of performing a significant number of other jobs in the national economy including retail price marker, routing clerk/mail sorter, and housekeeper/cleaner. AR at 28. Although the unskilled jobs at issue here and their corresponding Dictionary of Occupational Titles descriptions suggest they may not necessarily require significant social interaction, the hypotheticals to the VE needed to reflect the correct social interaction limitations in order for the VE's testimony to serve as substantial evidence in support of the ALJ's step five finding. *Alexander v. Saul*, 817 F. App'x 401, 404 (9th Cir. 2020) ("If the hypothetical does not reflect all the claimant's limitations,…the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."). Here, the VE was not provided a hypothetical that captured restrictions consistent with Dr. Stafford's moderate limitation. *See* AR at 112-20. Thus, the error was not harmless as it is not clear from the record whether the inclusion of the social interaction limitation opined by Dr. Stafford, would have eliminated the available jobs. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (noting that an error is harmless when it is "clear from the record" that the error was inconsequential to the ultimate non-disability determination).

Additionally, Defendant's claim the ALJ properly accounted for Dr. Stafford's endorsed moderate limitations by restricting Plaintiff to unskilled work consisting of simple, routine tasks is unavailing. "[T]he weight of more recent case law [ ] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress." *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Harrell*, 2021 WL 4429416, at *7 (collecting cases); *Ramirez v. Kijakazi*, No. 1:22-cv-00445, GSA, 2023 WL 4409853, at *5 (E.D. Cal. Jul. 7, 2023) (explaining that "case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for all moderate limitations"); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5 (E.D. Cal. Jan. 6, 2020) (finding that a restriction to simple, routine tasks does not account for mental limitations in the ability to complete a normal workday or workweek without interruptions from a psychiatric condition and the ability to deal with stress and changes encountered in the workplace); *Sahyoun*, 2020 WL 1492661, at *4 (rejecting argument that the RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress). The Court finds the ALJ's decision to limit Plaintiff to unskilled work consisting of simple, routine tasks did not adequately address or account for Dr. Stafford's moderate limitations as to Plaintiff's ability to complete a normal workday without interruptions and her ability to deal with the usual stress encountered in the workplace.

While moderate limitations are not *per se* disabling, they may translate into concrete work restrictions, which when considered in connection with Plaintiff's other restrictions may render the claimant disabled. *See Corrales v. Kijakazi*, No. 1:20-cv-01646-SKO, 2022 WL 2292065, at *6 (E.D. Cal. Jun. 24, 2022); *Wiles v. Berryhill*, No. 2:16-cv-09558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017). The ALJ failed to adequately address Dr. Stafford's moderate limitations as to Plaintiff's ability to complete a normal workday without interruptions and deal with the usual stress encountered in the workplace. *See* AR at 22 (the ALJ found Plaintiff

retained the RFC to "perform unskilled work consisting of simple, routine tasks with frequent, but not constant, face-to-face interaction with supervisors, coworkers, and the public."). As a result, the moderate limitations that the ALJ failed to address or account for were not inconsequential to the ultimate disability determination. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where mistake nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion).

## V.   REMAND

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1998).

Here, the ALJ did not account for Dr. Stafford's moderate limitations in the RFC or offer an adequate explanation as to why she chose not to accept them. Accordingly, remand is appropriate for proper consideration of the medical evidence.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that substantial evidence and applicable law do not support the ALJ's conclusion, and IT IS HEREBY ORDERED:

1. Plaintiff's motion for summary judgment (Doc. 15) is GRANTED;

2. The decision of the Commissioner is reversed, and the matter is REMANDED for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g); and

3. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Melissa Lee Macquarrie and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 27, 2023**

UNITED STATES MAGISTRATE JUDGE

14